UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **MARCUS LINTHECOME,** | ) |
| | ) |
| Petitioner, | ) Case No. CV 17-7850-JGB(AJW) |
| | ) |
| v. | ) |
| | ) MEMORANDUM AND ORDER |
| **SHERIFF JOHN MCMAHON,** | ) DISMISSING PETITION |
| **SAN BERNARDINO SHERIFF,** | ) WITHOUT PREJUDICE AND |
| | ) WITH LEAVE TO AMEND |
| Respondents. | ) |

On September 18, 2017, petitioner filed this petition for a writ of habeas corpus.[1] [Docket No. ("Dkt") 27 (Petition)]. According to the petition, it attacks convictions and sentences imposed by the Los Angeles County Superior Court in two separate criminal cases (case nos. BA402255 and BA405320). [Dkt. 27 at 1]. Petitioner alleges the following as grounds for relief:

Ground one: Data tampering by Agent Castaneda @ North Kern State Prison to later be an excuse for false arrests 4xs til

---

[1] Petitioner originally filed the action as a civil rights action in the United States District Court for the Northern District of California. Pursuant to petitioner's request, it was re-designated as a petition for a writ of habeas corpus. [See Dkts. 1, 16, 25, 26]. The petition was transferred to this Court on October 24, 2017. [Dkt. 28].

I ran for my life b/c agents persisted w/arrests after warned. My static 99 score is altered, proof I have sent previously 5PH03633 transcript which your court previously sent me a H. Corpus & I supplied w/the exhibits....

* * *

Ground two: The illegal enforcement of stayed conditions (backed by false tampering @NKSP by Castaneda (upon no correction.) Static-99 is altered. Agent Castaneda did it, but my P.O.'s use it as an excuse to try to get over jailing me 4xs til I ran for my life, saying "you're a Static-99(4) "right risk" but my true score reveals in case # 5PH03633 as NOT 4 nor 3, but (1-low) & these pages reveal Counselor Castaneda @North kern State Prison (forgot) to (update) & (tamper) the (internal) data to go with the outer-data he altered. So w/out correction & credits & compensation I'm still on parole b/c of this agents actions & still facing future custody b/c I ran for my life from illegal jailings 4xs....

* * *

Ground three: I'm currently affected (still) by the agents actions that no correction is made to & subjects me further to current custody & future custody b/c I ran for my life. I possess a (do not house@ LA Co. Mens Central Jail alert) Cops (LASD) agents tampered & deleted on its face.

* * *

Ground four: Current custody and future custody warrants resulted b/c of non-correction of data tampered by NKSP Agent Castaneda....

[Dkt. 27 at 3-6].

As relief, petitioner requests that this Court: (1) "recall warrants" issued in what appears to be a pending Los Angeles Superior Court criminal case; (2) dismiss a pending criminal case in Victorville Superior Court; (3) order the correction of "data"; (4) discharge him from parole; and (5) award him compensation for false incarceration at a rate of $140 a day. [Dkt. 27 at 6].

For the following reasons, the petition is dismissed without prejudice and with leave to amend.

First, it is not clear why petitioner is in custody.[2] Although he purports to challenge 2013 and 2014 convictions in the Los Angeles County Superior Court, his claims for relief do not appear to relate to the validity of either of those convictions or sentences. To the extent that petitioner attempts to challenge the legality of one or both of those convictions or sentences, the Court cannot discern the factual or legal basis for petitioner's claims. Instead, petitioner's allegations are vague, conclusory, and unintelligible.

Second, many of petitioner's allegations appear to be directed to the legality of criminal proceedings currently pending in state court. That is, petitioner seems to allege that due to an erroneous score, he has been subjected to arrests (presumably related to the conditions of his parole). To the extent that petitioner seeks to challenge either warrants or pending criminal proceedings, his claims are premature. "Younger [v. Harris, 401 U.S. 37 (1971)] precluded federal intrusion

---

[2] At the time he filed the petition, petitioner indicated that his address was West Valley Detention Center, but that he was awaiting transfer to either Patton or "Conrep" State Hospital. [Dkt. 27 at 1]. The basis for petitioner's custody – either his current incarceration or his parole status – is not entirely clear.

into ongoing state criminal prosecutions."[3] Spring Comm'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-765 (9th Cir. 1972) (per curiam). Petitioner has not yet been convicted; his criminal proceedings are currently pending. Although Younger abstention may not be warranted if a prosecution is "undertaken by state officials without hope of obtaining a valid conviction" or if a challenged criminal statute is "flagrantly and patently violative of express constitutional prohibitions", Perez v. Ledesma, 401 U.S. 82, 85 (1971), petitioner has not made such a showing.

**Based upon the foregoing deficiencies, the petition is dismissed without prejudice and with leave to amend. Petitioner shall, within twenty-one (21) days of the date of this order, file an amended petition curing the deficiencies noted above. The amended petition shall be filed <u>on the forms provided by the Clerk</u> and shall bear the case number CV 17-7850-JGB(AJW), shall include information regarding the conviction or decision petitioner intends to challenge, shall provide the specific legal and factual basis for his claims for relief, and shall indicate whether he has presented each claim to the California Supreme Court. Petitioner is cautioned that failure to file**

---

[3] The policy underlying Younger abstention is sufficiently important that federal courts may raise the issue sua sponte. Martinez v. Newport Beach City, 125 F.3d 777, 781, n. 3 (9th Cir.1997), overruled on other grounds, Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001); Romero v. California, 2012 WL 1570080, at *2 (C.D. Cal. May 3, 2012)(citing New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 368 (1989)).

4

an amended petition within the time provided may result in dismissal of this petition without prejudice.

It is so ordered.

Dated: November 14, 2017

_____
Andrew J. Wistrich
United States Magistrate Judge