O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCUS LINTHECOME, | ) | CASE NO. CV 17-7850-JGB (PJW) |
| Petitioner, | ) ) | ~~[PROPOSED]~~ ORDER DISMISSING PETITION FOR FAILURE TO PROSECUTE AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | ) ) | |
| SHERIFF JOHN MCMAHON, SAN BERNARDINO SHERIFF, | ) ) ) | |
| Respondents. | ) ) ) | |

In April 2017, Petitioner filed this action as a civil rights case in the Northern District of California. He sought permission to proceed without prepaying the full filing fee. In June 2017, the Northern District transferred the case to the Eastern District. The Eastern District denied his request to proceed without prepaying the filing fee because Petitioner had accumulated three "strikes" under 28 U.S.C. § 1915 and suggested that he may want to proceed in habeas corpus, instead. In September 2017, Petitioner resubmitted his claims on a habeas corpus form ("Petition"). The Eastern District Court then transferred the case to the Central District. Upon screening the Petition in November 2017, the Court found it unintelligible and ordered Petitioner to file an amended petition no later than December

5, 2017. Petitioner has failed to file an amended petition and has not requested additional time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to sua sponte dismiss an action for failure to comply with a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). In determining whether dismissal is warranted, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to Respondent, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010).

The Court finds that the delay here necessarily implicates both the first and second factors--the public's interest in expeditious resolution of litigation and the Court's need to efficiently manage its docket--and weighs in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (finding factors of public interest in expeditious resolution of case and court's need to manage its docket weigh in favor of dismissal where litigant failed to pursue the case for almost four months).

The third factor--risk of prejudice to Respondent----is generally assumed where a party causes the proceedings to be unnecessarily delayed as Petitioner has here. *See, e.g., In re Phenylpropanolamine*

2

*(PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . . presumes prejudice from unreasonable delay.").

The fourth factor--the general policy favoring resolution of cases on the merits--weighs in Petitioner's favor. *See Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits."). But because Petitioner refuses to file an amended petition the Court is unable to reach the merits of his claims.

The fifth factor--availability of less drastic alternatives--weighs in favor of dismissal, also. It does not seem that ordering Petitioner to pay sanctions would have any impact on him as he does not appear to have any money and the Court made clear in its order dismissing the Petition with leave to amend that failure to file an amended petition might result in dismissal. Nevertheless, Petitioner failed to respond to the Court's order.

Considering all the factors set forth above, the Court concludes that dismissal for failure to prosecute is warranted. *See Ferdik*, 963 F.2d at 1263 (concluding dismissal appropriate where supported by three factors); *Pagtalunan*, 293 F.3d at 643 (same). For this reason, the Petition is dismissed without prejudice.

The Court further finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. *See* 28 U.S.C.

§ 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED: February 9, 2018.

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\MaynorGalvez\AppData\Local\Temp\notesEDD4B7\Ord dismissing Pet.wpd

4